IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>         Plaintiff                )<br>                                         )<br>     v.                                  )<br>                                         )<br>JEFFREY K. MILLIIN, ESQ., as  )<br>Administrator of the Estate of Robert A. )<br>Deal, Jr., et al.,                    )<br>         Defendants.            ) | C.A. No. 24-82 Erie<br><br>District Judge Susan Paradise Baxter |

## MEMORANDUM OPINION

### I.    INTRODUCTION

#### A.    Relevant Procedural and Factual History

This mortgage foreclosure action was initiated by Plaintiff United States of America on March 19, 2024, to foreclose on real property previously owned by William E. Deal ("William"), at 219 Egbert Avenue, Franklin, Pennsylvania 16323 ("Subject Property"), which is subject to a mortgage in favor of Rural Housing Service, United States Department of Agriculture. William died intestate on January 21, 2009, and, under Pennsylvania's intestate succession law, ownership of the Subject Property passed to William's wife, Thelma I. Deal ("Thelma"), and his children, Robert A. Deal, Sr. ("Robert Sr."), George A. Deal ("George"), Phyllis A. Moorhouse ("Phyllis"), and Billie Lee McMichael ("Billie Lee").

Robert Sr. died intestate on July 7, 2010, and his intestate share of the Subject Property is believed to have passed to his son, Robert A. Deal, Jr. ("Robert Jr."), and his siblings, George, Phyllis, and Billie Lee. Thelma subsequently died intestate on September 29, 2012, and Robert Jr. died intestate on April 23, 2021. An estate for Robert Jr. was opened in Erie County,

1

Pennsylvania, at Register of Wills File No. 193351, and Jeffrey K. Millin, Esq. ("Millin") was named as Administrator of the Estate.

In light of the foregoing succession of interests, the present foreclosure action was brought against the following named Defendants: Millin, as Administrator of the Estate of Robert Jr., Billie Lee, George, Phyllis, William H. Deal, Rhonda L. Montgomery, Brian K. Deal, and all unknown heirs and/or assigns of William, Thelma, Robert Sr. and Robert Jr.

The complaint was served upon all Defendants; however, none of the Defendants filed a timely response.[1] As a result, Plaintiff requested entry of default against all Defendants on December 11, 2024 [ECF No. 22], and the Clerk subsequently entered default against all Defendants on December 13, 2024 [ECF No. 23].

Presently pending before the Court is Plaintiff's motion for default judgment against all Defendants [ECF No. 26], which was filed on February 4, 2025. To date, no response to Plaintiff's motion has been filed on behalf of any of the Defendants.

### B.   Standard of Review

Federal Rule of Civil Procedure 55(b)(2) provides that a district court may enter default judgment against a party when default has been entered by the Clerk of Court. The entry of default by the Clerk, however, does not automatically entitle the non-defaulting party to a default judgment. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984); D'Onofrio v. Il Mattino, 430 F.Supp.2d 431, 437 (E.D.Pa. 2006). Rather, the entry of default judgment is a matter within the sound discretion of the district court. Hritz, 732 F.2d at 1180. The Third Circuit has enumerated three factors that govern a district court's determination as to whether a default

---

[1] The last Defendant to be served was Phyllis, who was served on October 29, 2024. Phyllis's answer was due by November 19, 2024, the latest date on which an answer was due by any of the named Defendants. [ECF No. 21].

judgment should be entered: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000), citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984). "However, when a defendant has failed to appear or respond in any fashion to the complaint, this analysis is necessarily one-sided; entry of default judgment is typically appropriate in such circumstances at least until the defendant comes forward with a motion to set aside the default judgment pursuant to Rule 55(c)." Mount Nittany Medical Center v. Nittany Urgent Care, P.C., 2011 WL 5869812, at *1 (M.D.Pa. Nov. 22, 2011), citing Anchorage Assocs. V. Virgin Is. Bd. of Tax Rev., 922 F.2d 168, 177 n. 9 (3d Cir. 1990).

## II. DISCUSSION

Here, all three of the foregoing factors weigh in favor of granting default judgment against Defendants. At this time, Defendants have been in default for, at least, five months and there is every reason to believe that such default will continue for the foreseeable future. Thus, if default judgment is denied, Plaintiff will be prejudiced by its inability to effectively enforce its foreclosure rights against responsible parties for an indeterminable period of time simply because those parties choose to avoid responding to the complaint or to otherwise defend themselves. As to the second and third factors, because Defendants have failed to participate in this litigation in any way, the Court cannot speculate as to whether they have a litigable defense or whether their default is due to culpable conduct. Thus, entry of default judgment against Defendants is appropriate. See, e.g., Broadway Music, Inc. v. Spring Mt. Area Bavarian Resort, Ltd., 555 F.Supp.2d 537, 542 (E.D.Pa. 2008) (entering default judgment where there was "nothing in the record to suggest that defendants have a litigable defense as to liability," and where defendants'

decision not to defend against a complaint's allegations was found to be grounds for concluding that default was culpable); Mount Nittany, 2011 WL 5869812, at *1.

Because Plaintiff has shown that it is entitled to a default judgment, Defendants are deemed to have admitted "all well-pleaded allegations in the complaint," including the validity of the mortgage debt that is claimed to be due, and the propriety of these assessments and the demands for their payment. Comodyne I, Inc. v. Corbin, Jr., 908 F.2d 1142, 1149 (3d Cir. 1999), citing C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2688 at 444 (2d ed. 1983).

According to Plaintiff's motion for default judgment, the total principal, fees, and interest due on the mortgage was $ 63,769.84 as of December 16, 2024, plus additional interest accruing from said date at the rate of 6.125% per annum, plus interest from the date of judgment at the legal rate and reasonable attorneys' fees and collection costs. These assessments are entitled to a presumption of correctness, which none of the Defendant has rebutted. United States v. Fior D'Italia, Inc., 536 U.S. 238, 242 (2002), citing, *inter alia*, Psaty v. United States, 442 F.2d 1154, 1160 (3d Cir. 1971); United States v. Taylor, 757 Fed. Appx. 194, 196 (3d Cir. 2018). Thus, default judgment will be entered accordingly.

An appropriate Order follows.